# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DALE LORANCE GATLIN                                                                         PLAINTIFF

V.                              4:09CV00521 JMM

MICHAEL GIBBONS, Detective,
North Little Rock Police Department, et al.                               DEFENDANTS

## ORDER TO STAY PROCEEDINGS

Plaintiff, Dale Gatlin, who is currently a pretrial detainee at the Pulaski County Detention Facility, has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights by falsely accusing him of killing his infant daughter. *See* docket entry #2. The Pulaski County Circuit Clerk's office has clarified that homicide charges are currently pending against Plaintiff in regard to the death of his daughter. *See State v. Gatlin;* CR 2008-1788. Importantly, Plaintiff requests monetary damages as his only form of relief. *See* docket entry #2.

It is well settled that a federal court must abstain from entertaining constitutional claims when: (1) the federal action would disrupt an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Commn. v. Garden State Bar Assn.*, 457 U.S. 423, 435 (1982); *see also Night Clubs, Inc. v. City of*

*Fort Smith, Ark.,* 163 F.3d 475, 479 (8th Cir. 1998).

State criminal charges are currently pending against Plaintiff in regard to the death of his daughter. Clearly, the State has an important interest in resolving these charges. In addition, Plaintiff will have an opportunity to raise his constitutional claims during the state criminal trial. Finally, there does not appear to be any bad faith, harassment, or other extraordinary circumstances that would make abstention inappropriate. Accordingly, the Court concludes that *Younger* abstention is proper.

The Court must now determine whether this § 1983 action should be stayed or dismissed. In *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598 (8th Cir. 1999), a district court *dismissed* a § 1983 action regarding a motor vehicle dealership license because the matter was still pending in state administrative proceedings. On appeal, the Eighth Circuit affirmed the trial court's conclusion that abstention was proper under *Younger*. *Id.* at 603. However, the Court concluded that dismissal of the plaintiff's request for monetary damages (as opposed to injunctive/declaratory relief) was improper for the following reasons:

> The ongoing Arkansas proceedings may resolve state law issues dispositive of Yamaha's federal constitutional claim, but they do not provide a forum for Yamaha to seek damages from Stroud and the commissioners. When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining. In this case Yamaha seeks compensatory and punitive damages for lost income allegedly arising from the unconstitutional impairment of its right to contract, and there may be viable claims remaining after conclusion of the state proceedings. For these reasons, this action should have been stayed rather than dismissed.

*Id.* at 603-04 (internal citations omitted). Accordingly, the Court vacated the dismissal of the action, and remanded the case for a stay pending the resolution of state court proceedings. *Id.*

In this case, Plaintiff is seeking monetary damages as his only form of relief, and he is not seeking to declare a state statute unconstitutional. Furthermore, he cannot obtain monetary damages in the criminal case that is currently pending against him in state court. Thus, the Court concludes that this case should be stayed and administratively terminated pending the *final conclusion* of the criminal charges pending against Plaintiff in state court. [1]

IT IS THEREFORE ORDERED THAT the Clerk is directed to STAY and ADMINISTRATIVELY TERMINATE this action. If, after all state criminal proceedings have been completed, Plaintiff wishes to reactivate this case for further proceedings, he may do so by filing a Motion to Reactivate, noting the above case style and number.

Dated this  11  day of August, 2009.

                                          UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff is acquitted or the state criminal charges are dismissed, he may file a § 1983 action for damages in either state or federal court. *See Allen v. McCurry,* 449 U.S. 90, 100-01 (1980) (explaining that federal courts have concurrent jurisdiction with state courts to hear § 1983 claims). However, if Plaintiff is convicted, he may file a § 1983 claim for damages *only* if the conviction is reversed, expunged, or called into doubt by the *highest* state court or a federal habeas court. *See* 28 U.S.C. § 2254(b) and (c); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973).